MARK D. BRUTZKUS – Bar No. 128102
NICHOLAS A. ROZANSKY - Bar No. 219855
JOSEPH G. BALICE – Bar No. 245509
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile: (818) 827-9099
Email:      mbrutzkus@ebg-law.com
            nrozansky@ebg-law.com
            jbalice@ebg-law.com

Attorneys for Plaintiff JOKS PRODUCTIONS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOKS PRODUCTIONS LLC., a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SCHWEET ENTERTAINMENT LLC, a California limited liability company, ROBERT WORSOFF, an individual, BRIAN WENDEL, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  CV 2:15-2412<br><br>**COMPLAINT FOR DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JOKS PRODUCTIONS LLC ("Plaintiff" of "JOKS") hereby alleges as its complaint against Defendants SCHWEET ENTERTAINMENT LLC, ROBERT WORSOFF, and BRIAN WENDEL ("Defendants" or "SCHWEET"), as follows:

## STATEMENT OF THE CASE

This is a declaratory relief action seeking a judicial declaration that Defendants own no rights, title, or interest to or in connection with the television show "The Osbournes" (the Show"), including any and all trademarks or trade names associated therewith and any all derivative works or compilations or collective works thereof. Defendants claim that they own a 55% interest in "The Osbournes" television project

and/or the copyrights and trademarks associated therewith. To the contrary, Defendants have no rights of any kind in or to the intellectual property associated with or arising from the Show. Plaintiff is the sole rights owner with respect to the intellectual property associated with or arising from the Show and has never entered into any agreement with Defendants or any of them conveying to them any interest whatsoever in any project with respect to the Show.

## **PARTIES**

1. Plaintiff JOKS Production LLC ("JOKS") is a California limited liability company.

2. On information and belief, Defendant Schweet Entertainment LLC ("Schweet") is a California limited liability company, conducting business within the State of California and in the County of Los Angeles.

3. On information and belief, Defendant Robert Worsoff ("Worsoff") is an individual residing in the County of Los Angeles.

4. On information and belief, Defendant Brian Wendel ("Wendel") is an individual residing in the County of Los Angeles.

5. On information and belief, Defendant Worsoff is a member and an officer and/or director of Defendant Schweet.

6. On information and belief, Defendant Wendel is a member and an officer and/or director of Defendant Schweet.

7. On information and belief, Defendants DOES 1 through 10, inclusive, are corporations or other entities and/or individuals organized and existing under one of the states of the United States, or by a foreign state and/or country, and authorized to do business and doing business in the State of California. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues them by such fictitious names. Plaintiff alleges that each of the Defendants and DOES 1 through 10 and each of them, are tortiously responsible in some manner for the

Case 2:15-cv-02412-AJW   Document 1   Filed 04/01/15   Page 3 of 9   Page ID #:3

damages hereafter alleged in that Defendants caused them. Plaintiff will amend this complaint to show the true names of DOES 1 through 10 when ascertained. These Defendants 1 through 10 are sued as principals, and all of the acts performed by them as agents, servants, successors in interest, and employees were performed within the course of authority and/ or employment.

8. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, each of the Defendants and DOES 1 through 10, each of them, was and is the agent, servant, employee, representative and/or alter ego of each of the remaining Defendants and/or otherwise was acting in concert with them, aided and abetted, and in doing the things alleged herein, was acting within the scope of their authority as such agent, servant, employee, representative, alter ego and/or aider and abettor, with the advance knowledge, acquiescence, or subsequent ratification of each Defendant.

9. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, each of the Defendants and DOES 1 through 10, each of them, share a unity of interest by, including but not limited to, failing to contribute capital, issue stock, or otherwise complete formation, inadequate capitalization, use of corporate assets as their own, commingling of corporate funds with personal or business funds, and failure to observe corporate formalities to insulate themselves from liability for, among other things, Plaintiff's claims herein, and such a unity of interest, ownership, and control between Defendants and DOES 1 through 10, and each of them, and the remaining Defendants, that the distinct personalities no longer exist and/or cannot be set apart, and therefore, Defendants and DOES 1 through 10, each of them, are the alter ego of the remaining Defendants for purposes of liability to Plaintiff as alleged herein.

10. Plaintiff is informed and believes that each of the Defendants is responsible, negligently, intentionally and/or in some actionable manner, including as corporate successors liable for the acts of their predecessors, for the events referred to

3

COMPLAINT

1271579_2

herein, and caused and continue to cause injuries and damages legally to Plaintiffs, as alleged, either through each Defendants' own conduct, or through the conduct of its agents, servants or employees, or due to the ownership, maintenance or control of the instrumentality causing them injury, or in some other actionable manner.

## JURISDICTION AND VENUE

11.  This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201.  This action arises, in part, under the Federal Copyright Act, 17 U.S.C. § 101 *et seq.* and the Lanham Act, 15 U.S.C. § 1051 *et seq.*.

12.  This court has personal jurisdiction over Defendant Schweet because this Defendant is a California limited liability company whose members all reside in this District and which does business in this District.

13.  This court has personal jurisdiction over Defendant Worsoff because this Defendant resides in this Judicial District.

14.  This Court has personal jurisdiction over Defendant Wendel because this Defendant resides in this Judicial District.

15.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, where Defendant Schweet is located and does business  and where Defendants Worsoff and Wendel reside.

## FACTUAL BACKGROUND

16.  JOKS is a production company that produced the hit reality television show "The Osbournes".  The Show ran for four seasons, from 2002-2005.

17.  Plaintiff is the owner of all rights, title and interest in and to the copyrights and trademarks associated with and arising from each of the 53 episodes of the Show.

18.  Beginning as early as October, 2013, JOKS has been in discussions to bring "The Osbournes" back to television.  JOKS' idea to and interest in producing new episodes of "The Osbournes" for television broadcast has been well-documented

through media reports and statements by members of JOKS to the media regarding such a project.

19. On information and belief, Defendant Schweet is a limited liability company that is, or was, engaged in the development of television and other media projects.

20. On information and belief, Defendants Worsoff and Wendel collectively own a 55% controlling interest in Schweet.

21. Jack Osbourne, one of the members of JOKS, owns a 45% minority interest in Schweet.

22. JOKS' idea to and interest in producing new episodes of "The Osbournes" for television broadcast pre-dated Jack Osbourne's involvement in Schweet, and was conceived completely independently of Schweet.

23. By way of separate action against Defendants in Superior Court for the County of Los Angeles, California, Jack Osbourne is seeking to dissolve Schweet and recover various damages from Defendants arising from their tortious conduct.

24. Plaintiff is informed and believes, and on that basis alleges, that Defendants assert that they own a 55% interest in any project that involves the production of new episodes of "The Osbournes", and similarly claim an ownership interest in the copyrights and/or trademarks in relation to such newly recorded episodes.

25. Plaintiff is informed and believes and on that basis alleges that Defendants contend that they own a 55% interest in any new episodes of The Osbournes and/or the copyrights and trademarks associated therewith or arising therefrom is based on Jack Osbourne's membership in Schweet.

   a. Plaintiff is informed and believes and on that basis alleges that Defendants contend that the production of new episodes of "The Osbournes" is, or was, a project belonging to Schweet.

COMPLAINT

1271579_2

26. Contrary to Defendants' contentions, JOKS never entered into any agreement, express or implied, related to the Defendants' involvement in the production of new episodes of "The Osbournes" and never conveyed to Defendants any interest in "The Osbournes" and/or the copyrights and trademarks associated therewith or arising therefrom.

27. Defendants individually or collectively never prepared any pitches, ideas or other work with relation to a project involving the production of new episodes of "The Osbournes"; never disclosed any such pitches, ideas or work to JOKS for sale; and never prepared or disclosed such pitches, ideas or work under any circumstance from which they could reasonably conclude that JOKS voluntarily accepted pitches, ideas or work, if any, knowing that Defendants expected to receive a 55% interest in the project.

28. Defendants never provided to JOKS any original, novel or confidential information with respect to an idea or pitch to produce new episodes of "The Osbournes".

29. JOKS alone conceived of and developed the idea to produce new episodes of The Osbournes independently, without any involvement from Defendants.

30. Defendants, and each of them, own no rights, title, or interest in any project involving the production of new episodes of "The Osbournes" and/or the copyrights and trademarks associated therewith or arising therefrom.

## FIRST CAUSE OF ACTION
## DECLARATORY RELIEF

31. Plaintiff re-alleges and incorporates by reference paragraphs 1-30 above as though fully set forth herein.

32. Declaratory relief is available for cases of actual controversy relating to the legal rights and duties of the respective parties. Its purpose is to liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation.

**COMPLAINT**

1271579_2

33. An actual, substantial, and justifiable controversy has arisen and presently exists between Plaintiff in Defendants in that:

    (a) Defendants contend that they own a 55% interest in any project involving the production of new episodes of "The Osbournes" and in the copyrights and trademarks associated therewith and arising therefrom; and

    (b) Plaintiff contends that they do not.

34. A judicial determination is necessary and appropriate at this time in order that Plaintiff and Defendants may ascertain their rights and interests in and to any project involving the production of new episodes of "The Osbournes" and in the copyrights and trademarks associated therewith or arising therefrom.

35. Accordingly, Plaintiff seeks a judicial determination and declaration of rights declaring that Defendants have no right, title or interest in or to any project involving the production of new episodes of "The Osbournes" and in the copyrights and trademarks associated therewith or arising therefrom.

**PRAYER FOR RELIEF:**

**WHEREFORE,** JOKS PRODUCTIONS LLC prays for the following relief:

1. A Declaration that Plaintiff is entitled to all right, title and interest in and to any project involving the production of new episodes of "The Osbournes" and in the copyrights and trademarks associated therewith or arising therefrom;

2. A Declaration that Defendants have no right, title or interest in or to any project involving the production of new episodes of "The Osbournes" and in the copyrights and trademarks associated therewith or arising therefrom;

3. Attorneys' fees and costs of suit; and

/ / /
/ / /
/ / /
/ / /

**COMPLAINT**

4. All other relief as the Court may find just and proper.

Dated: April 1, 2015     EZRA BRUTZKUS GUBNER LLP

By: _____
MARK D. BRUTZKUS
NICHOLAS A. ROZANSKY
JOSEPH G. BALICE
Attorneys for Plaintiff
JOKS PRODUCTIONS LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff, JOKS PRODUCTIONS LLC hereby requests a jury trial for all issues triable by jury under the law.

Dated: April 1, 2015

EZRA BRUTZKUS GUBNER LLP

By: _____
MARK D. BRUTZKUS
JOSEPH G. BALICE
Attorneys for Plaintiff
JOKS PRODUCTIONS LLC